UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

RASHAD SALAAM,                                        NOT FOR PUBLICATION

                           Petitioner,               **<u>MEMORANDUM & ORDER</u>**
                                                     19-CV-2293 (MKB)
              v.

NEW YORK STATE SUPREME COURT,

                           Respondent.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Petitioner Rashad Salaam, proceeding *pro se* and currently incarcerated at Clinton

Correctional Facility, commenced the above-captioned action against Defendant New York State

Supreme Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet., Docket Entry

No. 1; Notice of Change of Address, Docket Entry No. 5.) Petitioner challenges his 2014

conviction in the Supreme Court of the State of New York, Kings County, for murder in the

second degree and criminal possession of a weapon in the fourth degree. (Pet. 1.) Pursuant to

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court

has conducted an initial review of the petition and, for the reasons set forth below, finds that the

petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA").

      Accordingly, the Court directs Petitioner to file a written affirmation within sixty (60)

days from the date of this Memorandum and Order explaining why the Court should not dismiss

the Petition as untimely. If Petitioner fails to comply with this Memorandum and Order within

the time allowed, the Court will dismiss the petition as time-barred.

## I. Background

On June 10, 2014, Petitioner pled guilty in the Supreme Court of the State of New York, Kings County to murder in the second degree and criminal possession of a weapon in the fourth degree. (Pet. 1.) On June 26, 2014, Petitioner was sentenced to fifteen years to life incarceration. (*Id.*) Petitioner did not appeal from the judgment of conviction. (*Id.* at 2.)

## II. Discussion

With the passage of AEDPA, Congress set a one-year statute of limitations within which a person in custody pursuant to a state court conviction may file a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which the latest of four events occurs:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A–D); *see also Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (interpreting section 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act"); *Favourite v. Colvin*, 758 F. App'x 68, 69 (2d Cir. 2018) ("[AEDPA]

imposes a one-year statute of limitations for filing a habeas corpus petition, which begins to run following . . . the date on which the judgment became final.").

The petition appears to be untimely under subsection (A).[1] Petitioner did not appeal the judgment of conviction or seek post-conviction review in state court. (*See* Pet. 2–4.) The Supreme Court has explained that, under such circumstances, "the judgment becomes final at the 'expiration of the time for seeking such review' — when the time for pursuing direct review in this Court, or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (quoting 28 U.S.C. § 2244(d)(1)(A)). Under New York Criminal Procedure Law Section 460.10(1)(a), "[a] party seeking to appeal from a judgment or a sentence" must do so within thirty days of its entry, N.Y. Crim. Proc. Law § 460.10(1)(a), barring which the judgment becomes final, *see Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (per curiam).

The one-year limitations period began to run when Petitioner's judgment of conviction became final, on July 28, 2014, which was thirty-two days after his June 26, 2014 sentencing.[2] From July 28, 2014, Petitioner had one year to file his petition; instead, he filed his petition on April 11, 2019, (Pet. 14), nearly four years after the limitations period expired. Therefore, unless Petitioner can show that the one-year limitations period should be tolled or can demonstrate another, later event under section 2244(d) that would have triggered the one-year limitations

---

[1] Petitioner does not indicate that subsections (B) through (D) are applicable.

[2] Because July 26, 2014 fell on a Saturday, Petitioner had until the following Monday, July 28, 2014 to file a notice of appeal. *See* N.Y. Gen. Constr. Law § 25-a(1) ("When any period of time, computed from a certain day, within which or after which or before which an act is authorized or required to be done, ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day."); *Singleton v. Lee*, No. 09-CV-6654, 2012 WL 864801, at *5 n.1 (W.D.N.Y. Mar. 30, 2012) (applying section 25-a(1) and finding that, where the thirty-day period following petitioner's sentencing in New York state court ended on a Sunday, petitioner's conviction became final the following Monday).

period as late as April 11, 2019, the petition is barred as untimely.

### a.  Statutory tolling

Petitioner fails to present a statutory basis for tolling the statute of limitations.

In calculating the one-year limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted."  28 U.S.C. § 2244(d)(2).  However, filing a post-conviction motion does not re-start the one-year statute of limitations period anew.  Rather, the tolling provision under section 2244(d)(2) merely excludes the amount of time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009) (noting that a section 440.10 motion is "pending" beginning on the day it is filed and ending when it is disposed); *Doe v. Menefee*, 391 F.3d 147, 154 (2d Cir. 2004) (noting that a state collateral proceeding commenced after the limitations period has run does not restart the limitations period); *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000).

Petitioner does not allege that he filed a post-conviction motion in state court.  (Pet. 3.) Therefore, statutory tolling does not apply.

### b.  Equitable tolling

Petitioner alleges that he is entitled to tolling because he was "severely mentally ill," and lacked legal knowledge.  (Pet. 13.)

Courts will equitably toll the statute of limitations for a period of time if the petitioner shows, for the relevant period, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Dillon v.*

*Conway*, 642 F.3d 358, 362 (2d Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). To show that he has been pursuing his rights, a petitioner must demonstrate that he acted with "reasonable diligence throughout the period he seeks to toll." *Smith,* 208 F.3d at 17 (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d. Cir. 1996)); *see Harper v. Ercole*, 648 F.3d 132, 134 (2d Cir. 2011) (holding that a petitioner is "required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled").

In addition, application of equitable tolling is only warranted in rare and exceptional cases, where "extraordinary circumstances" — meaning severe obstacles to petitioner's ability to comply with AEDPA's limitation period — prevent the petitioner from filing on time. *See Rivera v. United States*, 448 F. App'x 145, 146 (2d Cir. 2011) ("To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll."); *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (noting that mental incapacity may constitute extraordinary circumstances, depending on the facts presented); *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (finding that equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances").

Ignorance of the law is insufficient to support equitable tolling. *See Romero v. Ercole*, No. 08-CV-4983, 2009 WL 1181260, at *5 (E.D.N.Y. Apr. 30, 2009) ("[C]ourts have repeatedly

held in the *habeas* context that ignorance of the law is not grounds for equitable tolling."
(internal citations and quotation marks omitted)); *Worsham v. West*, No. 05-CV-530, 2006 WL
2462626, *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an
extraordinary circumstance warranting equitable tolling in habeas cases." (collecting cases)).

Whether mental illness qualifies as an extraordinary circumstance depends on the facts
presented. *Harper*, 648 F.3d at 137. "The burden of demonstrating the appropriateness of
equitable tolling for mental illness lies with the plaintiff; in order to carry this burden, [he] must
offer a particularized description of how [his] condition adversely affected [his] capacity to
function generally or in relationship to the pursuit of [his] rights." *Bolarinwa*, 593 at 232
(citation and internal quotation marks omitted). "[A] habeas petitioner must demonstrate that
[his] particular disability constituted an 'extraordinary circumstance' severely impairing [his]
ability to comply with the filing deadline, despite [his] diligent efforts to do so." *Id.* Reasonable
diligence means "that [the petitioner] acted as diligently as reasonably could have been expected
*under the circumstances*." *Harper*, 648 F.3d at 138–39 (citation, alterations, and internal
quotation marks omitted).

The petition does not provide facts sufficient to support equitable tolling of the
limitations period. However, in light of Petitioner's *pro se* status, the Court grants him leave to
submit an affirmation to the Court stating facts that may support tolling.

### III.  Conclusion

Accordingly, the Court directs Petitioner to show cause by written affirmation,[2] within
sixty (60) days of the date of this Memorandum and Order, why the petition should not be

---

[2]  An affirmation form is attached to this Memorandum and Order.

6

dismissed as time-barred.  *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted, but not obliged, to consider *sua sponte*, the timeliness of a state prisoner's habeas petition."); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) ("[T]he district court has the authority to raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion.").  In the affirmation, Petitioner must present any facts that would support either statutory tolling or equitable tolling of the one-year limitations period — including, for example, facts to support that extraordinary circumstances prevented him from timely filing the petition and facts to show that he acted with reasonable diligence, if applicable.

All further proceedings shall be stayed for sixty (60) days or until Petitioner has complied with this Memorandum and Order.  If Petitioner fails to comply with this Memorandum and Order within the time allowed, the Court shall dismiss the petition as time-barred under 28 U.S.C. § 2244(d).

Dated:  November 6, 2019
       Brooklyn, New York

                                 SO ORDERED:


                                        s/ MKB
                               MARGO K. BRODIE
                               United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

RASHAD SALAAM,

                Petitioner,                **PETITIONER'S AFFIRMATION**

                                      19-CV-2293 (MKB)

        v.

NEW YORK STATE SUPREME COURT,

                Respondent.

-----------------------------------------------------------------

STATE OF    _____   }
COUNTY OF  _____  } SS:


      RASHAD SALAAM, appearing *pro se*, makes the following affirmation under the penalties of perjury:  I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____.

      The instant petition should not be time-barred by the one-year period of limitation because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]**

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

                               _____
                               Signature & Identification Number

                               _____
                               Address

                               _____

                               _____
                               City, State & Zip Code